## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 20-10028-18-EFM |
| SHANTUS SMALLWOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Emergency Motion to Reopen Detention Hearing and for Pretrial Release (**ECF No. 207**) and the United States' Response to the Motion (ECF No. 213). After careful consideration, the court **DENIES** Defendant's Emergency Motion to Reopen Detention Hearing and for Pretrial Release.

## I.    Background

The present case involves twenty-four defendants who are charged with being involved in multiple drug conspiracies.[1] Defendant has been indicted on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and two counts of using a communication device to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b).[2] The conspiracy count carries a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

_____

[1] ECF No. 1.
[2] *Id.*

The Indictment was filed on February 26, 2020.[3]  On March 4, 2020, a Writ of Habeas Corpus Ad Prosequendum was issued relating to Defendant because he was in the custody of the Sedgwick County Detention Center at the time.[4]  Defendant made his initial appearance on March 6, 2020.[5]  On March 10, 2020, Defendant waived his detention hearing.[6]  He is currently being detained at the Harvey County Detention Center ("HCDC") while awaiting trial.

Defendant now moves to reopen his detention hearing pursuant to 18 § U.S.C. 3142(f) in order to seek release on certain conditions pending trial.  The basis for Defendant's Motion is the current COVID-19 pandemic engulfing our country.  Defendant alleges he has certain underlying health conditions that when coupled with being incarcerated at HCDC increases his risk of becoming seriously ill if he contracts COVID-19.[7]  The United States opposes Defendant's request by arguing Defendant's COVID-19 concerns are too generalized to warrant release.[8]

Neither party requested a hearing, and due to the time-sensitive nature of Defendant's request and the District's Administrative Order suspending all nonemergency criminal hearings due to the COVID-19 pandemic, the court proceeds to decide this matter on briefs.[9]

---

[3] *Id.*
[4] ECF Nos. 10, 17.
[5] ECF No. 101.
[6] ECF Nos. 133, 134.
[7] ECF No. 207.
[8] ECF No. 213.
[9] *See* Administrative Order 2020-3; *see also United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at n.1 (D. Kan. Mar. 25, 2020) (deciding defendant's motion for temporary release without holding a hearing).

## II.      Legal Standard

Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time before trial if it finds "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  A reopening is permissible "only when there is new information that would materially influence the judgment about whether there are conditions of release that will reasonably assure that the defendant will not flee and will not harm any other person or the community."[10]

## III.     Discussion

### A.      The Parties' Positions

In support of reopening his detention hearing, Defendant argues the COVID-19 pandemic and a confirmed case of the virus at HCDC compromises "new information" having a "material bearing" on the issue of whether there are conditions of release that will reasonably assure his appearance as required and safety of the community.  Defendant states he has three chronic medical conditions−asthma, diabetes and a heart murmur−which he alleges increases his risk of becoming seriously ill if he contracts COVID-19. Defendant argues his risk of contracting COVID-19 is high due to his detention at HCDC. Defendant claims HCDC has one confirmed case of COVID-19, and thus insists the jail lacks the necessary resources and protocols to keep him safe from the virus.

---

[10] *United States v. Robinson*, No. 18-40067-HLT, 2019 WL 1597000, at *1 (D. Kan. Apr. 15, 2019) (quoting *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)).

The United States opposes Defendant's request arguing his concerns regarding COVID-19 are too generalized to reopen the detention hearing and allow release pending trial. Despite Defendant's allegation to the contrary, the United States claims there has not been any confirmed COVID-19 cases at HCDC and states the jail has implemented appropriate precautions to protect inmates from the virus.

**B.     Analysis**

As noted by Defendant in his Motion, caselaw in this District provides:

> A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis, which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community. The risk of harm *to the defendant* does not usually bear on this analysis.[11]

Defendant counters that while such medical considerations may not be typical under § 3142(f), such considerations have occurred. In support, Defendant cites *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993), as an example of allowing a defendant to be released pending trial due to medical reasons. In this case, the court allowed the defendant to be released to a hospital pending trial under the 24-hour guard of the United States Marshal Service at his own expense because the defendant had sustained a severe gunshot

---

[11] *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020); *United States v. Calvert*, No. 19-40068-03-HLT, 2020 WL 1847754, at *2 (D. Kan. Apr. 13, 2020); *see also United States v. Del Real*, No. 19-10131-JWB, 2020 WL 1974374, at *1 (D. Kan. Apr. 24, 2020); *United States v. Lewis*, No. 20-10028-11, March 30, 2020 Order Denying Motion for Reconsideration and Denying Alternate Motion for Temporary Release (ECF No. 197, p. 3) (finding the COVID-19 pandemic and defendant's medical condition in relation thereto had no "material bearing" on defendant's flight risk or danger to the community when denying request to reopen detention hearing).

wound to the head, he would "shortly die" from terminal AIDS, and correctional authorities could no longer manage his medical conditions. However, those are not the facts here. Defendant has not tested positive for COVID-19, is not gravely ill, nor has he made any credible allegations HCDC could not care for him if he did contract the virus.

If fact, despite Defendant's claim to the contrary, the court cannot affirm that a confirmed case of COVID-19 has been reported at HCDC. Pursuant to Harvey County's website, as of May 4, 2020, there have only been 8 reported cases in the whole county, and no mention of any confirmed cases at the jail.[12] This greatly undercuts Defendant's argument to reopen his detention hearing because much of his brief is premised on the fact there is a confirmed case of the virus at the jail.[13] Furthermore, as pointed out by the United States in its brief, HCDC has enacted a range of appropriate and reasonable precautions to protect inmates from a COVID-19 outbreak.[14]

Defendant also argues his underlying medical conditions place him at a higher risk of becoming seriously ill if he contracts COVID-19. The court can consider a defendant's physical condition as a factor when considering release pending trial,[15] but again, the court considers that factor only insofar as it bears on a defendant's risk of non-appearance and

---

[12] *See* https://www.harveycounty.com/departments/health-department/coronavirus.html (last visited May 5, 2020 at 8:45 am). The website reports six individuals have recovered, and one died of other causes.

[13] *See also Del Real*, 2020 WL 1974374, at *2 (declining to reopen detention hearing when there were no confirmed COVID-19 cases at the jail where defendant is being detained).

[14] *See* ECF No. 213 at p. 8; *see also Del Real*, 2020 WL 1974374, at *2 (in declining to reopen detention hearing, the court noted the jail's steps to protect inmates from COVID-19).

[15] *See* 18 U.S.C. § 3142(g)(3)(A).

danger to the community, not a risk of harm to defendant himself.[16]  Here, Defendant has not addressed his medical conditions other than in the context of putting himself at a higher risk of becoming ill if he contracts the virus while being detained.

And finally, while the COVID-19 pandemic and its attendant health concerns could be considered "new information" for purposes for reopening Defendant's detention hearing, § 3142(f) requires more than simply new information.   It also requires the new information to have a "material bearing" on the court's judgment about whether there are conditions of release that will reasonably assure Defendant's appearance in court and the safety of the community.[17]

Without any specific details, Defendant suggests that if released, the serious medical threat of potentially contracting COVID-19 and abiding by the State's "Stay Home" order,[18] will ensure he appears in court as required.  However, as noted by the United States, Defendant's extensive criminal record, including his prior history of failing to comply with court orders, failing to appear to court, and absconding from supervision, brings that assumption into doubt.[19]  While the "Stay Home" order may restrict Defendant's travel throughout the community, Defendant fails to explain how it would ensure he appears in court as required.  Defendant's past record reveals he has issues with abiding by court

---

[16] *Calvert*, 2020 WL 1847754, at *2 (stating the court will consider a defendant's medical condition only as relevant to the issue of nonappearance or danger to the community); *Del Real*, 2020 WL 1974374, at *1 (same); *Lewis*, No. 20-10028-11, ECF No. 197 at p. 3 (same).

[17] *See supra* note 10 and 18 U.S.C. § 1342(f).

[18] *See* State of Kansas, Executive Order No. 20-16, as extended by Executive Order No. 20-24. The court notes the "Stay Home" order expired on May 3, 2020, and is replaced by a phased reopening plan for Kansas.

[19] *See* ECF No. 213, pp. 4-6.

6

orders and complying with terms of supervision.  Defendant does not explain how the COVID-19 pandemic would change his behavior in this respect.

Defendant also argues the COVID-19 pandemic will ensure he is not a danger to the community, but again fails to give any specifics.  Defendant generally and conclusory states the "threat of contracting the virus is a powerful deterrent to committing crimes on pretrial release,"[20] but fails to explain how it will specifically prevent Defendant from committing crimes if released.  Notably, when Defendant was alleged to be engaged in the charged criminal activity here, he was on parole in a different criminal case and charged and out on bond in yet another different criminal case.[21]  The best predictor of how Defendant will behave if he were to be released is how he has behaved when released in the past.  Unfortunately, Defendant's track record is a poor one, and he fails to explain how COVID-19 concerns will change it.[22]

## III.    Conclusion

Defendant has failed to meet the standard to reopen the detention hearing as he has not presented any new information that would materially influence the court's decision concerning detention.  The undersigned therefore declines to reopen Defendant's detention hearing under 18 U.S.C. § 3142(f).

---

[20] ECF No. 207 at p. 13.
[21] *See* ECF No. 213 at pp. 5-6.
[22] *See Calvert*, 2020 WL 1847754, at *2 (declining to reopen detention hearing where defendant did "not articulate any way in which the COVID-19 pandemic changes the court's prior findings about his risk of non-appearance and/or the safety of others"); *Del Real*, 2020 WL 1974374, at *2 (declining to reopen detention hearing where defendant only made "conclusory statements" regarding "how the virus has a bearing on this court's finding regarding danger to the community by Defendant's criminal conduct").

Defendant also raises a constitutional claim in that he alleges detention violates his Fifth Amendment Due Process rights based on the same health reasons already discussed herein.  But, in light of the above ruling denying Defendant's request to reopen the detention hearing, the court need not address this issue.[23]

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion to Reopen Detention Hearing and for Pretrial Release (**ECF No. 207**) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of May 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[23] *But see Calvert*, 2020 WL 1847754, at *5 (denying request for temporary release under Eighth Amendment argument; court found Eighth Amendment did not support "temporary release given the underlying reasons for detention; the fact that there no known cases of COVID-19 at LDC; and there is no evidence that the facility would be unable to render treatment to Mr. Calvert if he were to become infected.").